IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Beverly Casselman, ) | |
| ) | C/A No.: 6:05-2905-JFA-WMC |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

This is an action brought by the plaintiff, Beverly Casselman, pursuant to sections 205(g), 1602 and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 405(g) and

1

1381–1383c, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB").

The plaintiff first applied for SSI and DIB in September 2002. Her applications were denied initially and upon reconsideration. She was granted a hearing on July 23, 2004 before an Administrative Law Judge ("ALJ") before whom she appeared and testified with her attorney and a vocational expert ("VE"). The ALJ determined on October 27, 2004 that the plaintiff was not entitled to SSI or DIB benefits. The Appeals Council adopted the ALJ's decision on August 10, 2005, making it the final decision of the Commissioner.

The plaintiff was 35 years old at the time she alleges she became disabled due to back problems and diabetes and 38 years old on the date of the ALJ's decision. She has a high school education and prior work experience as a sewing machine operator. She was involved in a motor vehicle accident in 2000 and has a related history of scoliosis with a Harrington rod placement when she was 13 years old.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368

F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred filed his comprehensive Report on August 17, 2006, suggesting that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g), with a remand of the cause to the Commissioner for an award of benefits.

Specifically, the Magistrate Judge suggests that (1) the ALJ failed to give controlling weight to the plaintiff's treating physician, orthopedist Dr. Gregory Jones, that plaintiff's condition satisfied the criteria of section 1.04 of the Listing of Impairments (Disorders of the

Spine); and (2) the ALJ's finding as to the plaintiff's credibility is not supported by substantial evidence. Ultimately, the Magistrate Judge opines that the record does not contain substantial evidence supporting the Commissioner's decision denying the plaintiff benefits and that reopening the record for more evidence would serve no purpose. Because the Report provides specific details of the facts in this case, the same will not be repeated in this order.

The parties were advised of their right to file specific written objections to the Report. The Commissioner submitted her objections on September 7, 2006. Plaintiff has not responded to those objections; however, the matter now appears ripe for review.

The Commissioner presents the following objections to the Report:

(1) Dr. Jones's August 2002 statement of plaintiff's "permanent restrictions" was less restrictive than the ALJ's assessment of plaintiff's residual functional capacity ("RFC");

(2) There is no evidence in the record indicating that Dr. Jones examined plaintiff on July 22, 2004, when he reported that plaintiff met the criteria of Listing 1.04 or that he examined plaintiff on any date after July 18, 2003; and

(3) Plaintiff did not testify that her pain would preclude her from performing work that, unlike her past work as a sewing machine operator, did not require sitting for prolonged periods; she indicated that she was not "qualified" for other work; and that the ALJ considered gaps in plaintiff's treatment for back pain and plaintiff's daily activities in concluding plaintiff was not totally credible.

The Commissioner suggests that even if the court were to find that the ALJ erred in rejecting Dr. Jones's opinion and/or in assessing plaintiff's credibility, that the court should remand for further proceedings, not remand for an award of benefits.

The Commissioner sets forth several explanations for the ALJ's decline to assign controlling weight of Dr. Jones's opinion. First, the Commissioner contends that Dr. Jones's statement of plaintiff's "permanent restrictions" was less restrictive than the ALJ's assessment of plaintiff's limitations and was inconsistent with the conclusion of total disability inherent to his opinion that her condition equaled a listing.

Next, citing *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001), the Commissioner contends that ALJ may reject a treating physician's opinion that was rendered a year after the physician last treated the claimant. Dr. Jones last treated the plaintiff in June 2003 and issued his opinion a year later in July 2004 that plaintiff met Listing 1.04

In addition, the Commissioner argues that the ALJ may reject a treating physician's opinion that conflicts with the physician's earlier opinion where there has been no intervening change in diagnosis. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). The Commissioner, in her objections, however, does not indicate an intervening change in diagnosis.

The Commissioner contends that for the reasons noted above, the ALJ was not required to adopt Dr. Jones's opinion that plaintiff's condition equaled Listing 1.04. The Magistrate Judge correctly notes in his Report that even if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ still must consider the weight given to the physician's opinion by applying five factors: (1) the length of the treatment relationship and the frequency of the examinations; (2) the nature and extent of the

treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 CFR § 404.1527(d)(2)-(5). As such, the ALJ must give specific reasons for the weight given to a treating physician's medical opinion.

The record reflects that the plaintiff became Dr. Jones's patient on February 7, 2001 and that he or his associate saw plaintiff approximately 23 times and performed multiple tests with extensive notes for each visit. Although plaintiff did not see Dr. Jones from June 2003 to July 2004, the plaintiff *did* seek medical treatment for her back pain at the St. James-Santee Clinic. Further, Dr. Jones is an orthopedic specialist.

It appears to this court that the ALJ's decision in failing to give controlling weight to Dr. Jones's opinion is not supported by substantial evidence. Thus, the Commissioner's objections on this issue must be overruled.

With regard to the Commissioner's second objection — that the ALJ had legitimate reasons for concluding the plaintiff was not totally credible — the court also finds this objection misplaced. The ALJ stated that the plaintiff was not credible because neither the severity nor the extent is supported by the objective medical evidence of the record.

Troubling is the ALJ's accusation that Dr. Jones's opinion was expressed "in an effort to assist a patient with whom he or she sympathizes for one reason or another." Here, the ALJ is making a conclusive, subjective opinion about which he has no confirmation and concedes in his findings that such a motive is difficult to confirm. There is also no indication

6

on the record that the plaintiff was insistent and demanding in seeking supportive notes or reports from Dr. Jones or that she was malingering or exaggerating her symptoms. The court thus finds the ALJ's determination that the plaintiff's testimony was less than credible to be unsupported by substantial evidence. Thus, the Commissioner's objection the Report on this issue is also overruled.

The Magistrate Judge notes in his Report that reopening the record for more evidence would serve no purpose and thus recommends that the action remanded to the Commissioner for an award of benefits. This court agrees.

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, the court finds the Magistrate's Report provides an accurate summary of the facts in the instant case and such findings are hereby specifically incorporated herein by reference. Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for further proceedings as noted herein.

IT IS SO ORDERED.

*Joseph F. Anderson Jr.*

December 28, 2006  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge